## JOHN COLLIER v. LOGAN SHARPE ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—351.]

**Title by Adverse Possession.**

A tenant in possession of real estate can not set up a claim to title by reason of such possession, which is had under his landlord and can not be adverse to him or any one else.

APPEAL FROM BRACKEN CHANCERY COURT.

October 19, 1882.

OPINION BY JUDGE PRYOR:

The appellant is seeking a recovery in this action by reason of a lease executed to him in the year 1856 by parties who were the

agents of the heirs of one Burris. From the contents of that lease it appears that the heirs of Burris were the owners, or claimed to be the owners of a large boundary of land within Daniel Coleman's patent of 40,000 acres, and in order to hold the possession placed the appellant on the land under this lease, and provided that the appellant (tenant) was at a future time to have a portion of said land to include his tenement when made in one body, etc., the boundaries to be thereafter designated and the price to be agreed upon by the parties. Appellant entered upon this lease but left the premises in the year 1856, and now claims that he placed tenants on the land who held under and for him. The parties sued are in the possession of the land and claim to hold adversely to the appellant, and besides, the proof shows that he sold what interest he had to other parties many years prior to the institution of this action. He can not maintain his action of such a lease. There is in fact no purchase by him of the land or any part of it. There is an agreement to sell in the event the parties can agree on the price and designate the boundary, but no title vested in the appellant by reason of the lease except his right to enter and hold for the owners. Whether he can assert or claim damages is not a question here.

Judgment *affirmed.*

*Clark & Simon, for appellant.*

*B. G. Willis, for appellees.*

